JACOB HERSKOWITZ, Plaintiff, v. BARNET KANTOR and Others, Defendants.

Supreme Court, Kings County, February 15, 1930

_____

*Myron Krieger*, for the plaintiff.

*Benjamin Sellinger*, for the defendants.

MAY, J. The individual defendants herein, other than the defendant Uress, by a written instrument guaranteed to plaintiff the amount due under a certain bond and mortgage which the plaintiff had taken largely upon the strength of such guaranty. When the mortgage by its terms became due, negotiations were entered into between the Shack-Tor Realty Corporation, the mortgagor, and this plaintiff, for the extension of such mortgage which the plaintiff, upon receipt of $1,400, orally consented to, though it was agreed that such extension should be evidenced by a formal legal instrument, which instrument was prepared but never executed. The negotiations for such extensions were conducted on the part of the Shack-Tor Realty Corporation by the individual defendants, all of whom were officers and directors of the Shack-Tor Realty Corporation, a close corporation. It is the contention of the said individual defendants that they are now relieved of the obligation under their guaranty, as they had never individually consented to an extension of such mortgage. The rules with respect to the obligations of a guarantor have in recent years been modified and enlarged. The courts look with disfavor at the efforts of one so obligated to escape his responsibility upon a hypertechnicality. The said defendants were fully cognizant of all of the transactions hereinbefore recited. Two of them were attorneys, and, as such, were aware of the effect of an extension and, though they failed to do so, they were under at least a moral obligation to apprise this plaintiff of such legal effect.

To permit these defendants to escape the payment of such an obligation would be a violation of all the rules of justice and equity. The plaintiff maintains that these defendants consented to such an extension and are, therefore, estopped from claiming release from liability. The defendants assert that " the negotiations for the extension of the mortgage were had by the directors of the corporation as such and not by them as individuals." That the plaintiff was not aware and that these defendants were aware of the legal significance of this difference is evident. Equity will not permit the defendants to hide behind so flimsy a cloak to escape upon a mere pretense and to permit itself to be used to commit an act of grave injustice. In the situation herein it may seriously be urged that the alleged extension was not of such a character as to relieve these defendants. The defendants may not, in this instance,

separate their individual from their representative selves and are estopped from asserting that their consent was not given to such an extension.

In any view of the case, judgment must be rendered in favor of the plaintiff, and as he is already in receipt of $1,400 that sum will be credited to the amount due him herein.